Case 1:16-cv-00192   Document 5   Filed in TXSD on 10/04/16   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 04, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **GLENDA MABEL SALCEDO-NAJERA,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 1:16-192 |
| § | Criminal No. B:15-931-1 |
| **UNITED STATES OF AMERICA,** § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 29, 2016, Petitioner Glenda Mabel Salcedo-Najera filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is legally meritless.

**I. Procedural and Factual Background**

On October 20, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Salcedo-Najera for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Salcedo-Najera, Criminal No. 1:15-931-1, Dkt. No. 8 (hereinafter "CR").

**A. Rearraignment**

On December 1, 2015, Salcedo-Najera appeared before the District Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States.

---

[1] While the indictment alleged that Salcedo-Najera had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

1

**B. Sentencing**

In the final presentence report ("PSR"), Salcedo-Najera was assessed a base offense level of eight for unlawfully re-entering the United States. CR Dkt. No. 16, p. 4. Salcedo-Najera was also assessed an additional 16-level enhancement because she had a prior conviction for a crime of violence, namely aggravated child abuse in a Florida state court. Id. Salcedo-Najera received a three-level reduction for acceptance of responsibility. Id., p. 5. Thus, Salcedo-Najera was assessed a total offense level of 21.

Regarding her criminal history, Salcedo-Najera had one adult criminal conviction and was assessed three criminal history points. CR Dkt. No. 16, p. 6. She was also assessed an additional two criminal history points because she was on probation at the time she committed the instant offense. Id. Thus, she was assessed five total criminal history points, resulting in a criminal history category of III. Id. Based upon Salcedo-Najera's offense level of 21 and criminal history category of III, the presentence report identified a guideline sentencing range of 46 to 57 months of imprisonment. Id., p. 10.

On February 1, 2016, Salcedo-Najera, via counsel, objected to the imposition of the 16-level enhancement, arguing that aggravated sexual abuse under Florida law was not a crime of violence. CR Dkt. No. 15.

On April 25, 2016, the District Court held a sentencing hearing. At that hearing, the Court sustained Salcedo-Najera's objection to the 16-level enhancement; assessing a four-level enhancement instead. CR Dkt. No. 29. Salcedo-Najera's revised total offense level was reduced to an offense level of 10, resulting in a guideline sentencing range of 10 to 16 months. Id. The Court assessed an upward departure at sentencing, issuing a non-guideline sentence of 36 months of imprisonment, three years of supervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 28. The judgment was entered on May 26, 2016. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Salcedo-Najera's deadline for filing a notice of appeal passed on June 9, 2016.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 24, 2016, Salcedo-Najera timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1. In her motion, Salcedo-Najera asserts that her sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because she was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 2.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Salcedo-Najera seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

After a petitioner's conviction becomes final, the Court is entitled to presume that she stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that she failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39,41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Salcedo-Najera's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Salcedo-Najera's claim.

    **A. Johnson is Inapplicable**

Salcedo-Najera asserts that she is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The just-quoted and underlined portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S.

Ct. 1257 (2016) (holding that "<u>Johnson</u> announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Salcedo-Najera, none of it applies to her case. Salcedo-Najera was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, she was convicted of violating 8 U.S.C. §§1326(a) and 1326(b). CR Dkt. No. 28. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 28. Therefore, regardless of its retroactive application, the holding in <u>Johnson</u> does not directly provide Salcedo-Najera with a vehicle for relief.

### B. <u>Gonzalez-Longoria</u> Affords No Relief

Salcedo-Najera makes the related argument that she is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1. Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel addressed this issue in <u>U.S. v. Gonzalez-Longoria,</u> 813 F.3d 225 (5th Cir. 2016). The panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." <u>Gonzalez</u>, 813 F.3d at 235. Any relief that Salcedo-Najera may have found in that decision, was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit <u>en</u> <u>banc.</u>[2]

---

[2] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), <u>reh'g en banc ordered</u>, 815 F.3d 189.

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc). Thus, Salcedo-Najera finds no relief under Gonzalez-Longoria.[3] Furthermore, 18 U.S.C. § 16(a) has never been held to be unconstitutional. U.S. v. Narez-Garcia, 819 F.3d 146, 152 (5th Cir. 2016), cert. denied, (U.S. Oct. 3, 2016).

As discussed further below, despite Salcedo-Najera's continued focus upon the "crime of violence" language as set forth in the ACCA and in 18 U.S.C. § 16(b), her sentence was not enhanced pursuant to either provision. Instead, Salcedo-Najera's sentence was enhanced because she had a prior felony conviction, pursuant to the Sentencing Guidelines.

### C. Sentencing Guidelines Enhancement

An examination of Salcedo-Najera's sentence clearly shows that there was no error. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), a four level enhancement was added to Salcedo-Najera's offense level, because she had a prior felony conviction.

Salcedo-Najera was convicted of aggravated sexual assault in a Florida state court. CR Dkt. No. 16. Under U.S.S.G. § 2L1.2(b)(1)(D), the base offense level is increased by four levels for any prior felony conviction that does not otherwise result in an increase under a different subsection. As decided by the Court, Salcedo-Najera's prior felony was just such a conviction. Accordingly, Salcedo-Najera was properly sentenced and this claim should be denied as meritless.[4]

---

[3] The Court notes that the Supreme Court has granted a writ of certiorari to determine if § 16(b) is constitutional. Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911, at *1 (U.S. Sept. 29, 2016); see also Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) (holding § 16(b) to be unconstitutionally vague). The mere granting of certiorari does not relieve this Court of its responsibility to apply binding Fifth Circuit precedent. Unless and until the Supreme Court overrules Fifth Circuit precedent, this Court is bound by it. Castro-Jiminez v. Bulger, 104 F. App'x 440, 441 (5th Cir. 2004) (unpubl.) (citing Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986)).

[4] The Court notes that "an attack on the district court's upward departure is not cognizable in a § 2255 action." U.S. v. Faubion, 19 F.3d 226, 232 (5th Cir. 1994). Thus, Salcedo-Najera cannot attack the Court's departure in these proceedings.

**IV. Recommendation**

WHEREFORE it is **RECOMMENDED** that the Petitioner Glenda Salcedo-Najera's Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if she makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Salcedo-Najera's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Salcedo-Najera's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination

by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on October 4, 2016.

                                                _____
                                                Ronald G. Morgan
                                                United States Magistrate Judge